LATHAM & WATKINS LLP
Jessica Stebbins Bina (SBN 248485)
*jessica.stebbinsbina@lw.com*
Gregory W. Swartz (SBN 308071)
*greg.swartz@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Tel.: (424) 653-5500
Fax: (424) 653-5501

Matthew A. Brill *(admitted pro hac vice)*
*matthew.brill@lw.com*
Andrew Prins *(admitted pro hac vice)*
*andrew.prins@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004
Tel: (202) 637-2200
Fax: (202) 637-2201

*Attorneys for Defendant The Knot Worldwide Inc.*

NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MHA MARK RODMAN d/b/a RODMAN WEDDING PHOTOGRAPHY; ALANA BANNER d/b/a A SALON SANTA FE; ELITE CASINO EVENTS LLC d/b/a EMME PHOTO BOOTH; and DONA & NIK LLC d/b/a MORINA PHOTOGRAPHY, Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiffs,<br><br>       v.<br><br>THE KNOT WORLDWIDE INC.,<br><br>       Defendant. | Case No. 2:25-cv-03739-FMO-JPR<br><br>**STIPULATED   PROTECTIVE ORDER**<br><br>[Discovery Document: Referred to Magistrate Judge Jean P. Rosenbluth] |

1. INTRODUCTION

    1.1 PURPOSES AND LIMITATIONS

Discovery in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3 below, that this Order does not entitle them to file CONFIDENTIAL Information or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

    1.2 GOOD CAUSE STATEMENT

Given the nature of the above-captioned dispute, this action is likely to involve various categories of sensitive, confidential information.  Such confidential information may consist of, among other things, confidential business or financial information, information regarding confidential business practices and procedures, or other confidential research, development, or commercial information, as well as information which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law, including trade secrets.  In addition, the action may involve highly sensitive information, including proprietary business practices and methods, including pricing algorithms and product functionality, highly confidential technical information, highly sensitive personal information, and trade secrets.

1

1    Accordingly, to expedite the flow of information, to facilitate the prompt

2  resolution of disputes over confidentiality of discovery materials, to adequately

3  protect information the parties are entitled to keep confidential, to ensure that the

4  parties are permitted reasonable, necessary uses of such material in preparation for

5  and in the conduct of trial, to address their handling at the end of the litigation, and

6  serve the ends of justice, a protective order for such information is justified in this

7  matter. It is the intent of the parties that information will not be designated as

8  CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

9  for tactical reasons and that nothing be so designated without a good faith belief that

10  it has been maintained in a confidential, non-public manner, and there is good cause

11  why it should not be part of the public record of this case.

12  2.    DEFINITIONS

13     2.1    Action: *MHA Mark Rodman d/b/a Rodman Wedding Photography et

14  al. v. The Knot Worldwide Inc.*, Case No. 2:25-cv-03739-FMO-JPR (C.D. Cal.)

15     2.2    Challenging Party: a Party or Nonparty that challenges the designation

16  of information or items under this Order.

17     2.3    "CONFIDENTIAL" Information or Items: information (regardless of

18  how it is generated, stored, or maintained) or tangible things that the Designating

19  Party and its counsel believe in good faith to be entitled to protection under Federal

20  Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement.

21     2.4    Counsel: Outside Counsel of Record and House Counsel (as well as

22  their support staff).

23     2.5    Designating Party: a Party or Nonparty that designates information or

24  items that it produces in disclosures or in responses to discovery as

25  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

26  ONLY"

27     2.6    Disclosure or Discovery Material: all items or information, regardless

28  of the medium or manner in which it is generated, stored, or maintained (including,

1    among other things, testimony, transcripts, and tangible things), that are produced or

2    generated in disclosures or responses to discovery in this matter.

3        2.7    Expert: a person with specialized knowledge or experience in a matter

4    pertinent to the litigation who has been retained by a Party or its counsel to serve as

5    an expert witness or as a consultant in this action.

6        2.8    "HIGHLY   CONFIDENTIAL   –   ATTORNEYS'   EYES   ONLY"

7    Information or Items: Information (regardless of how it is generated, stored or

8    maintained) or tangible things that the Designating Party and its counsel believe in

9    good faith to be entitled to protection under Federal Rule of Civil Procedure 26(c)

10   and as specified above in the Good Cause Statement, and that are among the

11   information considered to be most sensitive by the Designating Party, including, but

12   not limited to, trade secret or other confidential research, development, financial or

13   other commercial information, documents or information of technical, proprietary,

14   or commercially sensitive nature that may be of value to a competitor, or information

15   that a party is under a preexisting obligation or agreement to maintain or protect as

16   such and as to which the risk of harm from disclosure cannot be mitigated by less

17   restrictive means.

18       2.9    House Counsel: attorneys who are employees of a Party to this Action.

19   House Counsel does not include Outside Counsel of Record or any other outside

20   counsel.

21       2.10   Nonparty: any natural person, partnership, corporation, association, or

22   other legal entity not named as a Party to this action.

23       2.11   Outside Counsel of Record: attorneys who are not employees of a Party

24   to this Action but are retained to represent or advise a Party and have appeared in

25   this Action on behalf of that Party or are affiliated with a law firm that has appeared

26   on behalf of that Party, including support staff.

27       2.12   Party: any Party to this Action, including all of its officers, directors,

28   employees, consultants, retained experts, and Outside Counsel of Record (and their

1    support staffs).

2        2.13    <u>Producing Party</u>: a Party or Nonparty that produces Disclosure or

3    Discovery Material in this Action.

4        2.14    <u>Professional Vendors</u>: persons or entities that provide litigation support

5    services (for example, photocopying, videotaping, translating, preparing exhibits or

6    demonstrations, and organizing, storing, or retrieving data in any form or medium)

7    and their employees and subcontractors.

8        2.15    <u>Protected Material</u>: any Disclosure or Discovery Material that is

9    designated    as    "CONFIDENTIAL"    or    "HIGHLY    CONFIDENTIAL    –

10    ATTORNEYS' EYES ONLY."

11        2.16    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material

12    from a Producing Party.

13    3.    <u>SCOPE</u>

14        The protections conferred by this Stipulation and Order cover not only

15    Protected Material (as defined above) but also any information copied or extracted

16    from Protected Material; all copies, excerpts, summaries, or compilations of

17    Protected Material; and any testimony, conversations, or presentations by Parties or

18    their Counsel that might reveal Protected Material.

19        Any use of Protected Material at trial will be governed by the orders of the

20    trial judge. This Order does not govern the use of Protected Material at trial.

21    4.    <u>DURATION</u>

22        Even after final disposition of this litigation, the confidentiality obligations

23    imposed by this Order will remain in effect until a Designating Party agrees

24    otherwise in writing or a court order otherwise directs. Final disposition is the later

25    of (1) dismissal of all claims and defenses in this Action, with or without prejudice,

26    or (2) final judgment after the completion and exhaustion of all appeals, rehearings,

27    remands, trials, or reviews of this Action, including the time limits for filing any

28    motions or applications for extension of time under applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Each Party or Nonparty that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent practicable, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (for example, to unnecessarily encumber the case-development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items it designated for protection do not qualify for that level of protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    Except as otherwise provided in this Order, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires the following:

(a)    for information in documentary form (for example, paper or electronic documents but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix at a minimum the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the bottom each page that contains Protected Material. If only a portion or portions of the material on a page qualify for protection, the Producing Party should, to the extent practicable, clearly identify the protected portion(s) (for

1   example, by making appropriate markings in the margins).

2           A Party or Nonparty that makes original documents available for inspection

3   need not designate them for protection until after the inspecting Party has indicated

4   which documents it would like copied and produced. During the inspection and

5   before the designation, all material made available for inspection must be treated as

6   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting

7   Party has identified the documents it wants copied and produced, the Producing

8   Party must determine which documents, or portions thereof, qualify for protection

9   under this Order. Then, before producing the specified documents, the Producing

10  Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

11  ATTORNEYS' EYES ONLY" legend to the bottom of each page that contains

12  Protected Material. If only a portion or portions of the material on a page qualify for

13  protection, the Producing Party should to the extent practical clearly identify the

14  protected portion(s) (for example, by making appropriate markings in the margins).

15          (b)      for testimony given in depositions, the Designating Party must identify

16  the Disclosure or Discovery Material that is protected on the record, before the close

17  of the deposition. Alternatively, and notwithstanding the foregoing, a Party or Non-

18  Party may request that the entire transcript of a deposition be treated as

19  CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

20  for fourteen (14) days after the Designating Party's receipt of the deposition

21  transcript, but in no event shall designations be made later than forty-five (45) days

22  after the deposition.  Within that fourteen (14) day period, the Party or Nonparty

23  seeking to designate material as CONFIDENTIAL or HIGHLY CONFIDENTIAL

24  – ATTORNEYS' EYES ONLY shall provide written notice to the other Parties, the

25  court reporter, and if relevant, the deposed Nonparty, as to the specific portions of

26  the testimony that should remain CONFIDENTIAL or HIGHLY CONFIDENTIAL

27  – ATTORNEYS' EYES ONLY. Only those portions of the testimony so identified

28  shall be protected by the terms of this Order.

(c)    for information produced in some form other than documentary form and for any other tangible items, the Producing Party must affix in a prominent and secure place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES' ONLY." If only a portion or portions of the information warrant protection, the Producing Party, to the extent practicable, must identify the protected portion(s).

5.3    If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for that material. On timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Any Party or Nonparty may challenge a designation of confidentiality at any time consistent with the Court's scheduling order, the Local Rules, and the Magistrate Judge's Procedures.

6.2    The Challenging Party must initiate the dispute-resolution process (and, if necessary, file a discovery motion) under Local Rule 37 and the Magistrate Judge's Procedures.

6.3    The burden of persuasion in any such proceeding is on the Designating Party. Frivolous challenges, and those made for an improper purpose (for example, to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties must continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    A Receiving Party may use Protected Material that is disclosed or

produced by another Party or by a Nonparty in connection with this Action only for

prosecuting, defending, or attempting to settle this Action. Such Protected Material

may be disclosed only to the categories of people and under the conditions described

in this Order. When the Action has been terminated, a Receiving Party must comply

with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a

location and in a manner sufficiently secure to ensure that access is limited to the

people authorized under this Order.

7.2    Unless otherwise ordered by the Court or permitted in writing by the

Designating Party, a Receiving Party may disclose any information or item

designated "CONFIDENTIAL" only to the following people:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well

as employees of that Outside Counsel of Record to whom it is reasonably necessary

to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel) of the

Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)    Experts (as defined in this Order) of the Receiving Party to whom

disclosure is reasonably necessary for this Action and who have signed the

"Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and its personnel;

(e)    court reporters and their staff;

(f)    professional jury or trial consultants, mock jurors, and Professional

Vendors to whom disclosure is reasonably necessary for this Action and who have

signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or a

custodian or other person who otherwise possessed or knew the information;

(h)    during their depositions, nonparty witnesses and their attorneys to

whom disclosure is reasonably necessary (e.g., the witness was an author or recipient

1    of the document, the witness is mentioned in the document, or the witness testified

2    to information contained within the document, etc.), provided that the nonparty

3    witness(es) being deposed and their attorneys sign the form attached as Exhibit A

4    hereto and will not be permitted to keep any Protected Material unless they sign the

5    form, unless otherwise agreed by the Designating Party, or ordered by the Court.

6    Pages of transcribed deposition testimony or exhibits to depositions that reveal

7    Protected Material may be separately bound by the court reporter and may not be

8    disclosed to anyone except as permitted under this Order;[1] and

9          (i)    any mediator or settlement officer, and their supporting personnel,

10    mutually agreed on by any of the Parties engaged in settlement discussions or

11    appointed by the Court.

12          7.3    Unless otherwise ordered by the Court or permitted in writing by the

13    Designating Party, a Receiving Party may disclose any information or item

14    designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to

15    the following people:

16          (a)    the Receiving Party's Outside Counsel of Record in this Action, as well

17    as employees of that Outside Counsel of Record to whom it is reasonably necessary

18    to disclose the information for this Action;

19          (b)    Experts (as defined in this Order) of the Receiving Party to whom

20    disclosure is reasonably necessary for this Action and who have signed the

21    "Acknowledgment and Agreement to Be Bound" (Exhibit A);

22          (c)    the Court and its personnel;

23          (d)    court reporters and their staff;

24          (e)    professional jury or trial consultants, mock jurors, and Professional

25

26

[1] Subsection 7.2(h) shall not apply to party witnesses and their respective counsel
27    who, through this Order, have already agreed to maintain Protected Material
confidential and who may freely exchange "CONFIDENTIAL" information or items
28    during a deposition of said party witnesses without threat of inappropriate disclosure.

Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g)    during their depositions, witnesses and attorneys for witnesses to whom disclosure is reasonably necessary (e.g., the witness was an author or recipient of the document, the witness is mentioned in the document, or the witness testified to information contained within the document, etc.), provided that the deposing party requests that the witnesses and the witnesses' attorneys sign the form attached as Exhibit A hereto[2] and the witnesses and their counsel will not be permitted to keep any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY information unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(h)    any mediator or settlement officer, and their supporting personnel, mutually agreed on by any of the Parties engaged in settlement discussions or appointed by the Court.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
       IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a)    promptly notify in writing the Designating Party. Such notification must include a copy of the subpoena or court order unless prohibited by law;

---

[2] Party witnesses and the Parties' counsel need not separately enter into Exhibit A, as they are bound by this Stipulated Protective Order.

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order (such notification must include a copy of this Order); and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order should not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination on the protective-order request by the relevant court unless the Party has obtained the Designating Party's permission. The Designating Party bears the burden and expense of seeking protection of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.     A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

(b)     If a Party is required by a valid discovery request to produce a Nonparty's Protected Material in its possession and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's Protected Material, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a

confidentiality agreement with a Nonparty;

    (2)    promptly provide the Nonparty with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    (3)    make the information requested available for inspection by the Nonparty, if requested.

    (c)    If the Nonparty fails to seek a protective order within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's Protected Material responsive to the discovery request. If the Nonparty timely seeks a protective order, the Receiving Party must not produce any information in its possession, custody, or control that is subject to the confidentiality agreement with the Nonparty before a ruling on the protective-order request. Absent a court order to the contrary, the Nonparty must bear the burden and expense of seeking protection of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (1) notify the Designating Party in writing of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or people to whom unauthorized disclosures were made of the terms of this Order, and (4) ask that person or people to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT  PRODUCTION  OF  PRIVILEGED  OR  OTHERWISE
       PROTECTED MATERIAL

    When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection,

the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

Procedure 26(b)(5)(B).

12.    MISCELLANEOUS

12.1    Nothing in this Order abridges the right of any person to seek its

modification by the Court.

12.2    By stipulating to the entry of this Order, no Party waives any right it

otherwise would have to object to disclosing or producing any information or item

on any ground not addressed in this Order. Similarly, no Party waives any right to

object on any ground to use in evidence of any of the material covered by this Order.

12.3    A Party that seeks to file under seal any Protected Material must comply

with Civil Local Rule 79-5 and both the District Judge's and Magistrate Judge's

procedures. Protected Material may be filed under seal only pursuant to a court order

authorizing the sealing of the specific Protected Material at issue. If a Party's request

to file Protected Material under seal is denied, then the Receiving Party may file the

information in the public record unless otherwise instructed by the Court.

13.    FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60

days of a written request by the Designating Party, each Receiving Party must return

all Protected Material to the Producing Party or destroy such material. As used in

this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

summaries, and any other format reproducing or capturing any of the Protected

Material. Whether the Protected Material is returned or destroyed, the Receiving

Party must submit a written certification to the Producing Party (and, if not the same

person or entity, to the Designating Party) by the 60-day deadline that identifies (by

category, when appropriate) all the Protected Material that was returned or destroyed

and affirms that the Receiving Party has not retained any copies, abstracts,

compilations, summaries, or any other format reproducing or capturing any of the

Protected Material. Notwithstanding this provision, Counsel are entitled to retain an

13

archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

14.   SANCTIONS

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


LATHAM & WATKINS LLP


Dated:  October 14, 2025        By:  */s/ Jessica Stebbins Bina*

Jessica Stebbins Bina
  *jessica.stebbinsbina@lw.com*
10250 Constellation Blvd., Suite 1100
Los Angeles, California 90067
Telephone:  (424) 653-5500

*Attorneys for Defendant The Knot Worldwide Inc.*


KAZEROUNI LAW GROUP, APC


Dated:  October 14, 2025        By:  */s/ Gil Melili*

Abbas Kazerounian
  *ak@kazlg.com*
Gil Melili
  *gil@kazlg.com*
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626

1

2

3

4

5

6

7

8

9      **IT IS SO ORDERED:**

10     DATED: 10/14/2025

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Telephone: (800) 400-6808

Jason A. Ibey
 *jason@kazlg.com*
321 N Mall Drive, Suite Rl08
St. George, UT 84790
Telephone: (800) 400-6808

*Attorneys for Plaintiffs Mha Mark Rodman
d/b/a Rodman Wedding Photography et al.*

_____

Hon. Jean P. Rosenbluth

United States Magistrate Judge

1                                 **<u>ATTESTATION</u>**

2       Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Jessica Stebbins Bina, attest that I

3 have obtained concurrence and authorization from the other signatories to affix their

4 electronic signatures to this filing.

5

6 Dated:  October 10, 2025         **LATHAM & WATKINS LLP**

7                           By:  <u>*/s/ Jessica Stebbins Bina*</u>

8                               Jessica Stebbins Bina

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3       I, [**full name**], of [**full address**], declare under penalty of perjury that I have

4   read in its entirety and understand the Stipulated Protective Order that was issued by

5   the U.S. District Court for the Central District of California on [date] in the case of

6   *MHA Mark Rodman d/b/a Rodman Wedding Photography et al. v. The Knot*

7   *Worldwide Inc.*, Case No. 2:25-cv-03739-FMO-JPR (C.D. Cal.). I agree to comply

8   with and to be bound by all terms of this Stipulated Protective Order, and I

9   understand and acknowledge that failure to so comply could expose me to sanctions

10   and punishment, including contempt. I solemnly promise that I will not disclose in

11   any manner any information or item that is subject to this Stipulated Protective Order

12   to any person or entity except in strict compliance with the provisions of this Order.

13       I further agree to submit to the jurisdiction of the U.S. District Court for the

14   Central District of California for the purpose of enforcing the terms of this Stipulated

15   Protective Order, even if such enforcement proceedings occur after termination of

16   this action. I hereby appoint _____ [**full name**] of

17   _____ [**full address and telephone number**] as my

18   California agent for service of process in connection with this action or any

19   proceedings related to enforcement of this Stipulated Protective Order.

20   Date: _____

21   City and State where signed: _____

22

23   Printed name: _____

24   Signature: _____

25

26

27

28